UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| LINDA CAREY AS EXECUTRIX OF THE ESTATE OF RONALD B. CAREY, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> KEYBANK, N.A., *et al.*, <br><br> Defendants. | CASE NO. 1:23-cv-01311 <br><br> JUDGE BRIDGET MEEHAN BRENNAN <br><br> **ORDER** |

On January 28, 2024, Plaintiffs filed a motion entitled "Emergency Motion for Reconsideration, Emergency Motion for Preliminary Injunction." (Doc. No. 24.) Plaintiffs' motion does not discuss the relevant factors and case law for a preliminary junction, but instead requests relief under Federal Rules of Civil Procedure 59 and 60. Specifically, Plaintiffs seek reconsideration of the Court's January 9, 2024 Order and request that the Court "memorialize and enforce the Settlement including enjoining Foreclosure through the All-Writs Act and Anti-Injunction Act[] and all other just and proper relief such as [j]oinder" of other parties "to this action as needed." (*Id.* at 1323.)[1]

A district court "must examine four factors in deciding whether to grant a preliminary injunction: (1) whether the movant has demonstrated a substantial likelihood of success on the merits, (2) whether the movant will suffer irreparable injury absent injunction, (3) whether a preliminary injunction would cause substantial harm to others, and (4) whether the public interest

---

[1] For ease and consistency, record citations are to the electronically stamped CM/ECF document and PageID# rather than any internal pagination.

will be served by an injunction." *Flight Options, LLC v. Int'l Brotherhood of Teamsters, Local 1180*, 863 F.3d 529, 539-540 (6th Cir. 2017). Having reviewed Plaintiffs' motion, the Court finds that Plaintiffs have not shown that they are entitled to a preliminary injunction enforcing a settlement, enjoining foreclosure by New York State courts, or ordering joinder of other parties, as they have not briefed any of the relevant factors.

Next, the Court finds that Plaintiffs have not shown that the Court's January 9, 2024 Order created a manifest injustice to Plaintiffs that warrants reconsideration under Rule 59(e). *See Crouch v. Honeywell Intern., Inc.*, 720 F.3d 333, 345 (6th Cir. 2013) (listing "the need to prevent manifest injustice" as a circumstance under which a Rule 59(e) motion for consideration is appropriate). This Order merely granted Plaintiffs the relief they requested: an extension of time to file a consolidated response to Defendants' motions to dismiss, which Plaintiffs do not argue was manifestly unjust. (*See* January 9, 2024 Order.)

Lastly, Plaintiffs have not shown that they are entitled to relief from the Court's January 9, 2024 order under Rule 60(b)(6) because they have not shown that there has been an "applicable change in decisional law, coupled with some other special circumstance." *Blue Diamond Coal Co. v. Trs. of UMWA Combined Ben. Fund*, 249 F.3d 519, 524 (6th Cir. 2001).

Accordingly, Plaintiffs' motion (Doc. No. 24) is DENIED.

**IT IS SO ORDERED.**

Date: January 29, 2024

_____
BRIDGET MEEHAN BRENNAN
UNITED STATES DISTRICT JUDGE