**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **LINDA CAREY AS EXECUTRIX OF** | ) | **Case No. 1:23-cv-01311-BMB** |
| **THE ESTATE OF RONALD B. CAREY,** | ) | |
| **AND MARK CAREY, AS DESIGNEE OF** | ) | |
| **THE ESTATE OF RONALD CAREY** | ) | |
| | ) | **Judge Bridget Meehan Brennan** |
| **Plaintiffs,** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | |
| **KEYBANK, NA, et al.** | ) | |
| | ) | |
| **Defendants.** | ) | |

**DEFENDANT MORAN • KARAMOUZIS LLP'S**
**MEMORANDUM OF LAW IN**
**IN OPPOSITION TO PLANTIFFS'**
<u>**MOTION TO TRANSFER VENUE**</u>

**MORAN • KARAMOUZIS LLP**
**Andrew P. Karamouzis, Esq.**
**265 Sunrise Highway, Suite 61**
**Rockville Centre, New York 11570**
**(516) 678-6660**
<u>akaramouzis@mka-law.com</u>

**Defendant *Pro Se***

## **TABLE OF CONTENTS**

**TABLE OF AUTHORITIES**……………………………………………….. i

**INTRODUCTION**……………………………………….......................... 1

**PROCEDURAL BACKGROUND**……………………………………… 2

**ARGUMENT**……………………………………………………………4

      **PLAINTIFFS' MOTION TO TRANSFER SHOULD BE DENIED** …………..4

**CONCLUSION**………………………………………………………5

**RULE 7.1 CERTIFICATION**…………………………………………...7

## TABLE OF AUTHORITIES

**CASES:**                                                                    **PAGES**

*3B Holdings, Inc. v. Revere Plastics Sys., LLC,*
No. 1:23-cv-1137, 2023 U.S. Dist. LEXIS 187588 (N.D. Ohio Oct. 19, 2023)……………4

*Lunger v. Escallate, LLC,*
No. 5:15-CV-00048, 2015 U.S. Dist. LEXIS 184522 (N.D. Ohio June 16, 2015) ……….. 4, 5

**STATUTES:**                                                                 **PAGES:**

28 U.S.C. § 1404………………………………………………………………………1, 4

i

Defendant Moran • Karamouzis LLP ("M•K") respectfully submits this Memorandum of Law in Opposition to Plaintiffs' Motion to Dismiss to Transfer Venue to the United States District Court for the Western District of New York pursuant to 28 U.S.C. § 1404 (Motion to Transfer").

## <u>INTRODUCTION</u>

On July 3, 2023, Plaintiffs commenced this lawsuit against KeyBank and its New York attorneys, M•K and Gross Polowy, in this Court in a desperate, but otherwise transparent, effort to derail the New York foreclosure action and harass KeyBank into abandoning its claim and/or leveraging a settlement.  [ECF Doc. No. 1]

Now, after knowingly and intentionally selecting the Northern District of Ohio as the forum for their action, filing an Amended Complaint [ECF Doc. No. 8] and engaging in over six months of procedural wrangling, Plaintiffs move to transfer this case to the United States District Court for the Western District of New York in a blatant display of forum shopping to delay the inevitable because they are faced with three pending motions to dismiss the Amended Complaint.

Plaintiffs offer no explanation whatsoever for their failure to commence this action in the Western District of New York to begin with.  However, nothing has changed since Plaintiffs filed this action to warrant a transfer of venue.  Indeed, Plaintiffs knew of all the facts and circumstances that they now rely upon in support of a transfer at the time they filed their original Complaint.

Likewise, Plaintiffs offer no legitimate justification for their failure to respond at all to the three pending Motions to Dismiss, nor do they provide any compelling support whatsoever for their last-minute Motion to Transfer. Leaving aside that Plaintiffs' claims in this action are frivolous and without merit, Plaintiffs' Motion to Transfer is just another procedural maneuver designed to delay these proceedings and harass KeyBank and its counsel.

Accordingly, we urge this Court to deny Plaintiffs' Motion to Transfer and adjudicate the three pending Motions to Dismiss.

## PROCEDURAL BACKGROUND

As this Court is well aware, three separate motions to dismiss Plaintiffs' Amended Complaint are pending: (i) Defendant KeyBank's Motion to Dismiss the Amended Complaint [ECF Doc. No. 9, 21 and 21-1 – 21-10]; (ii) Defendant M•K's Motion to Dismiss the Amended Complaint [ECF Doc. Nos. 13, 13-1 – 13-9]; and (iii) Defendant Gross Polowy's Motion to Dismiss the Amended Complaint [ECF Doc. Nos. 15, 15-1 – 15-9] (collectively, the "Motions to Dismiss").

To date, Plaintiffs have requested and been granted no less than four extensions of time to respond to the Motions to Dismiss.

First, on November 17, 2023, Plaintiffs filed a Motion for Extension of Time until December 18, 2023 to respond to Defendant KeyBank's Motion to Dismiss and to Defendant M•K's Motion to Dismiss.  [ECF Doc. No. 16]  Notably, Plaintiffs' Motion for Extension of Time was untimely as Plaintiffs' opposition papers to KeyBank's Motion to Dismiss were due on November 4, 2023.

On November 30, 2023, this Court granted Plaintiffs' Motion for Extension of Time and extended Plaintiffs' time to respond to Defendant KeyBank's Motion to Dismiss and to Defendant M•K's Motion to Dismiss to December 18, 2023.

On December 19, 2023, one day *after* their opposition papers were due, Plaintiffs filed a second untimely Motion for Extension of Time to January 7, 2024 to respond to Defendant KeyBank's Motion to Dismiss and to Defendant M•K's Motion to Dismiss.  [ECF Doc. Nos. 19]

On December 19, 2024, Plaintiffs also filed a separate Motion for Extension of Time to January 7, 2024 to respond to Defendant Gross Polowy's Motion to Dismiss. [ECF Doc. No. 20]

On December 19, 2024, this Court granted Plaintiffs' two Motions for Extension of Time and granted Plaintiffs until January 7, 2024 to respond to the three pending Motions to Dismiss. The Court's December 19 Order noted: "The deadline for Plaintiffs to respond to these motions will not be extended any further."

On January 2, 2024, KeyBank filed a Supplementary Motion to Dismiss the Amended Complaint. [ECF Doc. Nos. 21, and 21-1 - 21-10]

On January 8, 2024, again one day *after* their opposition papers were due, Plaintiffs filed yet another untimely motion for extension of time which was styled as "Unopposed Motion for Reconsideration or Alter/Amend Judgment of Order of 12/19/23".[1]  [ECF Doc. No. 22]

On January 9, 2024, in light of Defendant KeyBank's supplementary Motion to Dismiss, the Court granted Plaintiffs' "Unopposed Motion" to allow for one consolidated response to all three pending Motions to Dismiss to be filed on or before February 2, 2024.

On January 28, 2024, Plaintiffs filed an "Emergency Motion for Reconsideration, Emergency Motion for Preliminary Injunction," which sought reconsideration of the Court's Order of 1/9/24 to memorialize and enforce an alleged settlement between Plaintiffs and KeyBank and to enjoin the foreclosure of the subject property in New York. [ECF Doc. Nos. 24 and 24-1 – 24-3]

On January 29, 2024, the Court issued an Order denying Plaintiffs' "Emergency Motion for Reconsideration, [and] Emergency Motion for Preliminary Injunction."  [ECF Doc. No. 25]

---

[1]     On January 9, 2024, Defendant M•K filed an opposition to Plaintiffs' so-called "Unopposed Motion."  [ECF Doc. No. 23]

On February 2, 2024, instead of filing opposition papers to the three pending Motions to Dismiss, Plaintiffs filed this Motion to Transfer Venue.  [ECF Doc. No. 26]

## ARGUMENT

### Plaintiffs' Motion to Transfer Should Be Denied

Plaintiffs bear the burden of demonstrating that a change of venue is appropriate.  *Lunger v. Escallate, LLC*, No. 5:15-CV-00048, 2015 U.S. Dist. LEXIS 184522, *3 (N.D. Ohio June 16, 2015) ("Because Plaintiff is the party requesting transfer, 'it bears the burden of proof to show the factors weigh 'strongly' in favor of transfer.').  The decision as to whether to grant a change of venue is vested in the sound discretion of this Court.  *3B Holdings, Inc. v. Revere Plastics Sys., LLC*, No. 1:23-cv-1137, 2023 U.S. Dist. LEXIS 187588 (N.D. Ohio Oct. 19, 2023) (Meehan Brennan, J.) (""[T]he decision whether to grant the change of venue is vested in the sound discretion of the district court.").

Leaving aside the frivolous nature of Plaintiffs' Amended Complaint and their desperate, but otherwise transparent efforts to avoid the consequences of the New York foreclosure action, Plaintiffs' Motion to Transfer Venue should be denied on its face.

As an initial matter, the defendant typically invokes Section 1404 not plaintiff given that the plaintiff selects and commences the action in his/her choice of forum.

Plaintiffs, who reside in New York, knowingly and intentionally chose to bring their claims in this forum – the Northern District of Ohio (*see* Complaint, [ECF Doc. No. 1], despite the fact that they now acknowledge that "much of these issues are in New York such as the foreclosure, the Property and the location of the Defendants against which Plaintiff seeks to enforce the [alleged] settlement." *See* Plaintiffs' Motion to Transfer Venue, p. 9. [ECF Doc. No. 26]

Yet now, when faced with three pending Motions to Dismiss, and in a clear display of forum shopping, Plaintiffs seek to transfer venue of the action to the United States District Court for the Western District of New York .

This Court should not allow Plaintiffs to waltz into this Court, waste valuable judicial resources for over seven months, use this Court for their own devices to try to leverage a settlement, and then suddenly decide that they no longer wish to litigate in this forum because it is somehow "inconvenient" or the "wrong" forum.  *Lunger*, 2015 U.S. Dist. LEXIS 184522, at *4 (denying plaintiff's motion to transfer venue where "Plaintiff did not discover a good reason for transfer after filing his Complaint" and "Plaintiff knew of all the circumstances he cites in support of a transfer at the time he filed his Complaint").

Significantly, there is no need for the Court to transfer venue because Plaintiffs are free to voluntarily dismiss this action against M•K, without prejudice.

Accordingly, this Court should deny Plaintiffs' Motion to Transfer and grant the three pending Motions to Dismiss on default.

## **CONCLUSION**

For all of the forgoing reasons, M•K respectfully requests that this Court deny Plaintiffs' Motion to Transfer Venue and grant M•K's pending Motion to Dismiss Plaintiffs' Amended Complaint in its entirety, grant an award of all costs incurred by M•K in defending this action, including reasonable attorney's fees, costs, and disbursements, and grant all such other and further relief as this Court deems just and proper.

5

Dated:  February 16, 2024
       Rockville Centre, New York

Respectfully submitted,

**MORAN • KARAMOUZIS LLP**

By:  *Andrew P. Karamouzis*
       Andrew P. Karamouzis

265 Sunrise Highway, Suite 61
Rockville Centre, New York 11570
(516) 678-6660
akaramouzis@mka-law.com

Defendant *Pro Se*

## <u>LOCAL RULE 7.1(f) CERTIFICATION</u>

This case has not been assigned a certain track.  This Memorandum adheres to the page

limitations set forth in Local Rule 7.1.


*Andrew P. Karamouzis*
Andrew P. Karamouzis