**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| LINDA CAREY AS EXECUTRIX OF THE ESTATE OF RONALD B. CAREY, *et al.*, | Case No. 1:23-cv-01311-BMB |
| Plaintiffs, | Judge Bridget Meehan Brennan |
| vs. | |
| KEYBANK, N.A., *et al.*, | |
| Defendants. | |

**MEMORANDUM OF DEFENDANTS KEYBANK, N.A. AND GROSS POLOWY, LLC IN OPPOSITION TO PLAINTIFFS' MOTION TO TRANSFER VENUE IN THIS ACTION**

**I.  INTRODUCTION AND FACTS**

In July 2023, Plaintiffs Linda Carey as Executrix of the Estate of Ronald B. Carey ("Estate") and Mark Carey as Designee of the Estate of Ronald B. Carey's ("Mark," with the Estate, "Plaintiffs") filed the Complaint against Defendants KeyBank, N.A. ("KeyBank"), Gross Polowy, LLC ("Gross Polowy"), and Moran Karamouzis, LLP ("Moran," collectively "Defendants") based on Defendants' alleged wrongdoing in connection with a loan secured by real property at 131 North Park Avenue, Buffalo, New York ("Property"). (*See generally* Doc. 1.)

After KeyBank filed a Motion to Dismiss (Doc. 6), Plaintiffs filed an Amended Complaint (Doc. 8).

On October 4, 2023, KeyBank filed a Motion to Dismiss the Amended Complaint demonstrating that the claims against KeyBank fail as a matter of law and should be dismissed. *See* Doc. 9. Though not an exhaustive recitation of the arguments in KeyBank's Motion to Dismiss, that Motion demonstrated that the claim against KeyBank alleging a violation of the Real Estate

Settlement Procedures Act ("RESPA") fails because the loan cannot be assumed without KeyBank's written approval and the Amended Complaint fails to plead factual content to allow the Court to draw a reasonable inference that a RESPA violation occurred, the claim alleging a violation of the Truth in Lending Act ("TILA") is time-barred, and the TILA provisions on which the Amended Complaint is premised were not in effect during the relevant time period. *Id.* It also demonstrated why Plaintiffs' state law claims fail as a matter of law.

On November 16, 2023, Gross Polowy filed a Motion to Dismiss demonstrating that the Court lacks personal jurisdiction over Gross Polowy, that the claim against Gross Polowy alleging a violation of the Fair Debt Collection Practices Act ("FDCPA") is time-barred, that the Court should decline to exercise supplemental jurisdiction over the conspiracy claim, and that the conspiracy claim fails as a matter of law because it is nothing more than a rote recitation of the claim's elements unsupported by fact. *See* Doc. 15.

On November 30 and December 19, 2023, the Court issued Orders granting Plaintiffs until December 18, 2023 and then January 7, 2024 to respond to KeyBank's and Gross Polowy's Motions to Dismiss.

With leave of Court, on January 2, 2024, KeyBank filed a Supplemental Motion to Dismiss the Amended Complaint demonstrating that in addition to the arguments in KeyBank's original Motions to Dismiss, the Amended Complaint is barred by the doctrine of claim preclusion as a result of an October 11, 2023 foreclosure judgment.

On January 9, 2024, the Court issued an Order allowing Plaintiffs to file a consolidated response to all pending Motions to Dismiss on or before February 2, 2024.

Plaintiffs did not oppose the Motions to Dismiss and instead, nearly seven months after Plaintiffs filed their Complaint, Plaintiffs filed a Motion to Transfer Venue in this Action (the

"Motion to Transfer," Doc. 26) asking the Court to transfer this matter to the U.S. District Court for the Western District of New York because "many of the[] witnesses," and "much of these issues are in New York such as the Foreclosure, the Property and location of the Defendants against which Plaintiff seeks to enforce the settlement."[1] *Id.* at p. 9, PAGE ID # 1346. The Motion to Transfer should be denied.

## II.     LAW AND ARGUMENT

The Motion to Transfer contains only two paragraphs of substance in which it argues that "[t]he location of many of the acts and omissions is in the Western District of New York," "such as the Foreclosure, the Property and location of the Defendants against which Plaintiff seeks to enforce the settlement." (Doc. 26 at 8-9.) Based on those facts, Plaintiffs argue the Court may transfer the case "for the convenience of parties and witnesses, in the interests of justice." (*Id.* at 9.)

Plaintiffs chose this forum knowing that the Foreclosure, the Property, and certain of the Defendants were in New York. Nevertheless, now that all Defendants have filed Motions to Dismiss and Plaintiffs deadline to oppose those Motions to Dismiss has expired, Plaintiffs seek to change forums. A Motion to Transfer is not a substitute for an opposition to a pending Motions to Dismiss, and this type of forum-shopping should not be allowed.

---

[1] The Motion to Transfer cites a January 25, 2024 payoff quote and a January 26, 2024 email from Mark to an attorney at Gross Polowy to claim that "Plaintiffs inferred…[that] they were provided until 02/04[/]24 to satisfy the Mortgage meaning the Foreclosure was stayed by Key until that date" and claims that the parties reached a settlement that Plaintiffs seek to enforce. Doc. 26, p. 6, PAGE ID # 1343. The Motion makes this argument despite the payoff quote, which was attached as an exhibit to Plaintiffs' Emergency Motion to Reconsider (*see* Doc. 24-1) expressly stating that foreclosure proceedings will continue and despite the Motion also acknowledging and, indeed, quoting, a January 26, 2024 email from KeyBank's counsel setting forth the conditions under which KeyBank was willing to agree to postpone the foreclosure sale. *Id.* at pp. 6-7, PAGE ID # 1343-44. Suffice it to say, KeyBank disagrees that the parties reached any settlement.

3

KeyBank and Gross Polowy have both filed Motions to Dismiss demonstrating that the Amended Complaint fails to state claims against them as a matter of law. Despite being afforded multiple extensions, Plaintiffs have failed to oppose those Motions, which should be granted on the merits.

Further, transfer of this case is inappropriate because Plaintiffs have failed to make the required showing that the interests of justice weigh in favor of transfer. *See Jamhour v. Scottsdale Ins. Co.*, 211 F. Supp.2d 941, 945 (S.D. Ohio 2002) ("The moving party has the burden of establishing the need for a transfer of venue."). Indeed, all of Plaintiffs' reasons for seeking a transfer existed prior to filing suit, which weighs against Plaintiffs' Motion. *See Longo v. Glime*, No. 86-CV-3842-DT, 1987 U.S. Dist. LEXIS 15679, at *5 (E.D. Mich. May 8, 1987) ("The fact that the reasons advanced by the plaintiff in support of his request for a transfer did not arise after he filed suit weighs against granting his motion.").

Rather, the interests of justice weigh strongly against transfer. KeyBank is located in Ohio, is subject to jurisdiction here, and briefed its Motion to Dismiss multiple times in Plaintiffs' chosen forum. As a result, a change of venue could prejudice Defendants. *See Hall v. Nat'l City Bank*, No. 2:07-CV-168, 2007 U.S. Dist. LEXIS 65077, at *3 (S.D. Ohio Aug. 31, 2007) ("Should the action be transferred as requested by plaintiff, defendant would incur additional costs resulting either from its counsel's travel to Dayton or its retention of new counsel -- perhaps located in Dayton but certainly unfamiliar with the case."). Further, because Defendants have already filed Motions to Dismiss, and despite multiple extensions, Plaintiffs have failed to respond to such motions, a transfer at this stage in the litigation would severely prejudice Defendants and reward Plaintiffs' attempts at forum shopping. *See id.* (holding that a motion for transfer filed four months after the complaint was filed was "at best, careless and, at worst, [] forum shopping").

4

### III. CONCLUSION

The Court issued an Order requiring Plaintiffs' to respond to KeyBank's and Gross Polowy's Motions to Dismiss on or before February 2, 2024. Plaintiffs failed to do so.

A Motion to Transfer is not a substitute for opposing a Motion to Dismiss. Here, the bases on which the Motion to Transfer relies (i.e., the location of the parties and the property) was known to Plaintiffs when the Complaint was filed in Ohio. The Motion to Transfer fails to present a sufficient basis to transfer this matter to the Western District of New York.

As a result, KeyBank and Gross Polowy respectfully request the Court deny Plaintiffs' Motion to Transfer and rule on the unopposed Motions to Dismiss.

Respectfully submitted,

**THOMPSON HINE LLP**

*/s/ Jessica E. Salisbury-Copper*
Jessica E. Salisbury-Copper (0085038)
10050 Innovation Drive, Suite 400
Miamisburg, Ohio 45342-4934
T: 937.443.6854 / F: 937.443.6635
Jessica.Salisbury-Copper@ThompsonHine.com

and

Ashley M. Bailes (0096768)
3900 Key Center
127 Public Square
Cleveland, Ohio 44114
T: 216.566.5500 / F: 216.566.5800
Ashley.Bailes@ThompsonHine.com

*Counsel for Defendant KeyBank, N.A. and Gross Polowy, LLC*

**CERTIFICATE OF SERVICE**

      I hereby certify that on February 16, 2024, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Paul G. Wersant
Law Office of Paul G. Wersant
Suite D-245
3245 Peachtree Parkway
Suwanee, GA 30024

Andrew P. Karamouzis
265 Sunrise Highway
Suite 61
Rockville Centre, NY 11570

                                                    */s/ Jessica E. Salisbury-Copper*
                                                    Jessica E. Salisbury-Copper