UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| LINDA CAREY AS EXECUTRIX OF | ) | CASE NO.  1:23-cv-01311 |
| THE ESTATE OF RONALD B. CAREY, | ) | |
| *et al.*, | ) | JUDGE BRIDGET MEEHAN BRENNAN |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| KEYBANK, N.A., *et al.,* | ) | **MEMORANDUM OPINION AND** |
| | ) | **ORDER** |
| Defendants. | ) | |

Before the Court are Defendant Gross Polowy, LLC's ("Gross Polowy") and Defendant

Moran Karamouzis, LLP's ("Moran Karamouzis") unopposed motions to dismiss (Doc. Nos. 13,

15), and Plaintiffs' motion to transfer venue to the Western District of New York.  (Doc. No. 26.)

For the following reasons both motions to dismiss pursuant to Rule 12(b)(2) are GRANTED and

the motion to transfer is DENIED.

I.      **BACKGROUND**

        **A.  Factual Allegations**

        Plaintiffs seek declaratory relief against Defendants KeyBank N.A. ("KeyBank"), Gross

Polowy, and Moran Karamouzis, regarding real property located in Buffalo, New York (the

"New York Property").  (Doc. No. 8 at 177, ¶¶ 5–9.)[1]  Plaintiffs allege that they are successors in

interest to the New York Property, following the death of Ronald B. Carey in 2015.  (*Id.* at 178,

¶ 10; 179, ¶ 18.)  Plaintiff Mark Carey is Ronald Carey's son, and Plaintiff Linda Carey is

Ronald Carey's sister.  (*Id.* at 178, ¶ 11.)

---

[1] For ease and consistency, record citations are to the electronically stamped CM/ECF document
and PageID# rather than any internal pagination

In 2013, Ronald B. Carey executed a $104,000 loan (the "Loan") on the New York Property.  (*Id.* ¶ 12.)  Plaintiffs allege that Ronald and Mark Carey made monthly payments of $519.26 on the Loan through First Niagara Bank ("First Niagara").  (*Id.* ¶¶ 14, 16.)  After Ronald Carey's death in 2015, Plaintiffs allege that First Niagara "added Mark's name to the Loan or at least to its database as an authorized party on the Loan," which Plaintiffs refer to as the "Assumption" of the Loan.  (*Id.* at 179, ¶ 20.)  Mark Carey was able to "make Loan payments . . . without interruption or any issues."  (*Id.* at 180, ¶ 21.)

In July 2016, First Niagara merged with KeyBank.  (*Id.* ¶ 22.)  Plaintiffs allege that KeyBank "inexplicably refused to accept payments" from Mark Carey or add him as an account holder.  (*Id.* ¶ 25; *id.* at 182, ¶ 33.)  In October 2017, a lawyer from Moran Karamouzis told Plaintiffs that "the only way to 'add' Mark to the account would be to refinance the loan as all of the loan documentation is in the name of Ronald B. Carey only."  (*Id.* at 183, ¶ 39.)  Plaintiffs allege that refinancing "was a clear breach of the terms of the Loan."  (*Id.* ¶ 40.)

In December 2021, KeyBank and a separate law firm, Gross Polowy, initiated a state foreclosure action on the New York Property.  (*Id.* at 191, ¶ 89.)  The foreclosure complaint alleged that Ronald Carey failed to comply with the terms of the Loan by not making the payment that was due on February 1, 2019, and subsequent payments.  (*Id.* ¶ 90.)  Plaintiffs allege that Defendants "used unfair and unconscionable means to collect the Loan from Plaintiffs" by refusing to allow them to assume and enforce the Loan, seeking to hold Plaintiffs liable for the Loan's principal, interest, late charges, taxes, costs and attorney's fees, and attempting to have the New York Property sold at auction.  (*Id.* at 194, ¶ 104.)

On March 30, 2023, KeyBank, through Gross Polowy, filed a motion to dismiss Plaintiffs' counterclaim and a motion for summary judgment.  (*See id.* at 192, ¶¶ 94–97.)  On

July 6, 2023, the state court issued an order granting summary judgment, default, and reference to compute.  (Doc. No. 13-1 at 348 (citing Doc. No. 13-8).)  On October 11, 2023, the state court issued an order and judgment of foreclosure and sale.  (*Id.* at 348–49 (citing Doc. No. 13-9).)

### B.  Procedural History

On July 3, 2023, Plaintiffs filed their complaint.  (Doc. No. 1.)  On September 20, 2023, Plaintiffs filed an amended complaint.  (Doc. No. 8.)  On October 20, 2023, Moran Karamouzis filed a motion to dismiss pursuant to Rules 12(b)(2) and 12(b)(6).  (Doc. No. 13.)  On November 16, 2023, Goss Polowy filed a motion to dismiss pursuant Rules 12(b)(2) and 12(b)(6).  (Doc. No. 15.)

On November 17, 2023, Plaintiffs moved for an extension of time to file responses to Defendants' motions to dismiss, which the Court granted.  (Doc. No. 16; November 20, 2023 Order.)  On December 19, 2023, Plaintiffs filed two motions requesting additional time to respond the motions to dismiss.  (Doc. Nos. 19, 20.)  The Court extended Plaintiffs' deadline to file responses to the motions to January 7, 2024.  (December 19, 2023 Order.)

On January 8, 2024, Plaintiffs filed an unopposed motion to alter the Court's December 19, 2023 Order extending Plaintiffs' deadline to respond to the motions.  (Doc. No. 22.)  On January 9, 2024, the Court extended Plaintiffs' deadline to respond to February 2, 2024. (January 9, 2024 Order.)

On January 28, 2024, Plaintiffs filed a motion to reconsider, alter or amend the Court's January 9, 2024 Order.  (Doc. No. 24.)  In this motion, Plaintiffs requested relief under Federal Rules 59 and 60 based on KeyBank's "unexpected demand to proceed with foreclosure."  (*Id.* at 1311–13.)  Specifically, Plaintiffs requested the Court "memorialize and enforce the Settlement including enjoining Foreclosure through the All-Writs Act and Anti[-]Injunction Act[] and all

other just and proper relief such as [j]oinder" of other parties "to this action as needed." (*Id.* at 1323.) On January 29, 2024, the Court denied this motion because Plaintiffs failed to show they were entitled to the relief requested. (Doc. No. 25.)

On February 2, 2024, Plaintiffs filed a motion to transfer to the Western District of New York. (Doc. No. 26.) Plaintiffs did not file any opposition to Defendants' motions to dismiss. On February 16, 2024, Defendants filed oppositions to this motion. (Doc. Nos. 27, 28.)

## II.    LAW AND ANALYSIS

### A. Legal Standard: Federal Rule of Civil Procedure 12(b)(2)

Defendants may challenge personal jurisdiction through a motion to dismiss. *See* Fed. R. Civ. P. 12(b)(2). When such a challenge is made, the "plaintiff bears the burden of establishing that jurisdiction exists." *Theunissen v. Matthews*, 935 F.2d 1454, 1458 (6th Cir. 1991). A "plaintiff may not stand on his pleadings but must, by affidavit or otherwise, set forth specific facts showing that the court has jurisdiction." *Id.* "Presented with a properly supported 12(b)(2) motion and opposition, the Court has three procedural alternatives: it may decide the motion on affidavits alone; it may permit discovery in aid of deciding the motion; or it may conduct an evidentiary hearing to resolve any apparent factual questions." *Id.* A district court has discretion to select the procedural method it follows. *Id.*

Regardless of which method a court chooses, "the plaintiff always bears the burden of establishing that jurisdiction exists." *Serras v. First Tenn. Bank Nat'l Ass'n*, 875 F.2d 1212, 1214 (6th Cir. 1989) (citing cases). However, the method the court selects "affect[s] the burden of proof the plaintiff must bear to avoid dismissal." *Theunissen*, 935 F.2d at 1458; *see also Serras*, 875 F.2d at 1214. Where a court chooses to decide the motion upon the written submissions, "the plaintiff must make only a *prima facie* showing that personal jurisdiction

4

exists," *Theunissen*, 935 F.2d at 1438, by demonstrating "facts that would support a finding of personal jurisdiction." *Welsh v. Gibbs*, 631 F.2d 436, 38 (6th Cir. 1980).  To determine whether a plaintiff has made a *prima facie* showing, the court construes all facts "in a light most favorable to the plaintiff," *Theunissen*, 935 F.2d at 1459, and regards factual disputes as "irrelevant."  *See Malone v. Stanley Black & Decker, Inc.*, 965 F.2d 499, 505 (6th Cir. 2020).

### B.  Analysis

When dismissal is sought under both 12(b)(2) and 12(b)(6), the Rule 12(b)(2) challenge must be addressed first.  *See Moir v. Greater Cleveland Reg'l Transit Auth.*, 895 F.2d 266, 269 (6th Cir. 1990).  "[T]he Rule 12(b)(6) challenge comes moot if this court lacks" jurisdiction.  *Id.*; *see also Kroger Co. v. Malease Foods Corp.*, 437 F.2d 506, 510 (6th Cir. 2006) ("Because personal jurisdiction is a threshold determination linked to any subsequent order issued by the court, we must determine whether the exercise of jurisdiction over [defendant] was proper before deciding" other issues).

Under the due process clause, there are two forms of personal jurisdiction: general and specific.  *AMB Media, LLC v. One MB,* LLC, No. 23-5607, 2024 WL 2052151, at *2 (6th Cir. May 8, 2024); *see also Olivia v. Airbus Americas, Inc.*, No. 1:19-cv-1701, 2020 WL 1451972, at *3 (N.D. Ohio Mar. 25, 2020).  General jurisdiction exists when a defendant's "affiliation with the State are so 'continuous and systematic' as to render them essentially at home in the forum State." *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011) (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310 317 (1945)).  The "paradigm all-purpose forums for general jurisdiction are a corporation's place of incorporation and principal place of business." *Daimler AG v. Bauman*, 571 U.S. 117, 119 (2014).  "Indeed, for a court to find general jurisdiction in a forum other than a corporate defendant's place of incorporation or principal

place of business is the 'exceptional case.'"  *Olivia*, 2020 WL 1451972 at *3 (quoting *BNSF Ry. Co. v. Tyrrell*, 137 S.Ct. 1549, 1558 (2017)).

Specific jurisdiction depends on "the relationship among the defendant, the forum, and the litigation."  *Walden v. Fiore*, 571 U.S. 277, 284 (2014).  The Sixth Circuit applies a three-part test to determine whether specific personal jurisdiction comports with due process.  "First, the defendant must purposefully avail himself of the privilege of acting in the forum state or causing a consequence in the forum state."  *Sullivan v. LG Chem., Ltd.*, 79 F.4th 651, 670 (6th Cir. 2023) (emphasis omitted) (quoting *AlixPartners, LLP v. Brewington*, 836 F.3d 543, 549 (6th Cir. 2016)).  Second, "the claims 'must arise out of or relate to the defendant's contacts with the forum.'"  *Id.* (quoting *Ford Motor Co. v. Mont. Eighth Jud. Dist. Ct.*, 141 S. Ct. 1017, 1025 (2021)).  And third, "the acts of the defendant or consequences caused by the defendant must have a substantial enough connection with the forum state to make the exercise of jurisdiction over the defendant reasonable."  *Id.* (quoting *AlixPartners*, 836 F.3d at 549–50); *see also Schneider v. Hardesty*, 669 F.3d 693, 701 (6th Cir. 2012).

Starting with Moran Karamouzis, the complaint alleges the following:

- Moran Karamouzis is "organized in and with [its] principal place of business located in New York."  (Doc. No. 8 at 177, ¶ 5.)

- Venue is proper in the Northern District of Ohio "as the Defendants conduct business here."  (*Id.* ¶ 8.)

- An employee of Moran Karamouzis communicated with Plaintiff Linda Carey in October and November 2017 regarding the Loan.  (*Id.* at 183, ¶¶ 38–39; 184, ¶¶ 42–44, ¶¶ 47–48.)

- In May 2023, an employee of Moran Karamouzis filed an affidavit in the foreclosure proceeding.  (*Id.* at 193, ¶ 99.)

- Moran Karamouzis' actions constitute violations of the FDCPA.  (*See id.* at 194, ¶¶ 103–08.)

- Moran Karamouzis entered into a conspiracy with the other Defendants "to harm Plaintiffs by their [] unlawful acts and omissions prior to an in the foreclosure." (*Id.* at 197, ¶ 126.)

For general jurisdiction, Moran Karamouzis states that it is a New York limited liability partnership with its principal place of business in Rockville Centre, New York. (Doc. No. 13-1 at 351.) Moran Karamouzis does not have offices or employees in Ohio, and none of its attorneys are barred or licensed in Ohio. (*Id.*) Moran Karamouzis argues that Plaintiffs have not presented any other circumstances that would subject Moran Karamouzis to general jurisdiction in Ohio. (*Id.*)

For specific jurisdiction, Moran Karamouzis emphasizes that "none of the conduct at issue in this case took place in Ohio." (*Id.* at 352.) Moran Karamouzis "appeared for KeyBank in New York *only* in the New York Foreclosure Action" and the complaint is "devoid of any allegations that Moran Karamouzis performed any activity or took any action in Ohio at all." (*Id.* at 353.) Moran Karamouzis argues that "Ohio courts have repeatedly declined to find specific jurisdiction in cases where the defendant did not engage in any purposeful conduct in Ohio." (*Id.*)

Turning to Gross Polowy, the complaint alleges the following:

- Gross Polowy is "organized in and with [its] principal place of business located in New York." (Doc. No. 8 at 177, ¶ 5.)

- Venue is proper in the Northern District of Ohio "as the Defendants conduct business here." (*Id.* ¶ 8.)

- In December 2021, Gross Polowy assisted KeyBank in bringing "a state court foreclosure action against Linda and others in the Supreme Court of Erie County[.]" (*Id.* at 191, ¶ 89.)

- In January 2023, Gross Polowy "filed an Amended complaint in the foreclosure on behalf of" KeyBank. (*Id.* ¶ 91.)

7

- In March 2022 and March 2023, Gross Polowy "filed an Affidavit in the foreclosure that cites and relies on false statements of the 'default[.]'" (*Id.* at 192, ¶¶ 94-97.)

- In May 2023, an employee of Gross Polowy "filed an Affidavit in the foreclosure on behalf of Key[Bank], again falsely contending under oath there was a 'default in the payment of the monthly Loan installment due 02/01/19.'" (*Id.* at 193, ¶ 98.)

- Gross Polowy's actions constitute violations of the FDCPA. (*See id.* at 194, ¶¶ 103-08.)

- Gross Polowy entered into a conspiracy with the other Defendants "to harm Plaintiffs by their [] unlawful acts and omissions prior to an in the foreclosure." (*Id.* at 197, ¶ 126.)

For general jurisdiction, Gross Polowy states that is a Delaware limited liability company with its principal place of business in New York. (Doc. No. 15 at 513 (citing Doc. No. 15-1 at 526).) Gross Polowy highlights that Plaintiffs "do[] not allege that Gross Polowy's contacts are so 'continuous and systematic' that it is considered to be 'at home' in Ohio, nor can they." (*Id.* at 518.) Gross Polowy "does not own property in Ohio, it does not have employees in Ohio, and it does not transact business here." (*Id.*)

For specific jurisdiction, Gross Polowy argues that the complaint is "devoid of allegations to support a finding of specific jurisdiction" and that courts routinely deny exercising specific jurisdiction in cases where a plaintiff has merely alleged "in a conclusory fashion that each defendant 'transacted business . . . in the state of Ohio.'" (*Id.* (citing *Olivia*, 2020 WL 1451972 at *4*).)

Because Plaintiffs have not responded to Moran Karamouzis' or Gross Polowy's motions to dismiss—and therefore have not presented any challenge to the facts presented by these Defendants—the Court exercises its discretion to decide the Rule 12(b)(2) motions on the complaint's allegations alone. *See Carrier Corp. v. Outokumpu Oyj*, 673 F.3d 430, 449 (6th Cir. 2012).

For general personal jurisdiction, Moran Karamouzis is a New York corporation with its principal place of business in New York. (Doc. No. 13-1 at 344–45.) Therefore, New York, not

Ohio, is the "paradigm all-purpose forum[] for general jurisdiction" over Moran Karamouzis. *Daimler*, 571 U.S. at 119.  Gross Polowy is a New York corporation with its principal place of business in Delaware.  (Doc. No. 15 at 513.)  Therefore, New York and Delaware, not Ohio, are all-purpose forums for general jurisdiction over Gross Polowy.  *Daimler*, 571 U.S. at 119.

Plaintiffs' other allegations regarding Moran Karamouzis and Gross Polowy concern conduct largely outside of Ohio.  Thus, those allegations are insufficient to establish general jurisdiction.  The other allegations—that these defendants conducted business in Ohio, without more, or that they engaged in a conspiracy with another defendant (inferentially, KeyBank) about the New York Property—are not sufficient to find conduct in Ohio for purposes of general jurisdiction.  They are neither continuous nor systematic.  *Goodyear*, 564 U.S. at 919.

For specific jurisdiction, Plaintiffs' complaint alleges at most that these Defendants performed work for a client whose principal place of business is in Ohio.  (*See* Doc. No. 8 at 177, ¶ 8 (alleging KeyBank's principal place of business is Ohio); *id.* at 183–85, ¶¶ 38–49 (describing Moran Karamouzis' communications on behalf of KeyBank); *id.* at 191–95, ¶¶ 91–108 (describing Gross Polowy's actions on behalf of KeyBank).)  Plaintiffs have not established that this work had any connection to Ohio.  Instead, Plaintiffs' complaint alleges that these actions took place exclusively in New York and related exclusively to the New York Property and a New York foreclosure action.  Accordingly, Plaintiffs' allegations do not establish a *prima facie* showing that Moran Karamouzis or Gross Polowy purposely availed themselves of the privilege of acting in Ohio, nor that the cause of action arose from activities within Ohio or that there is a substantial enough connection with Ohio to make the exercise of jurisdiction over these Defendants reasonable.  *See Schneider*, 669 F.3d at 701.

Accordingly, there exists neither general nor specific jurisdiction over Moran Karamouzis or Gross Polowy in the Northern District of Ohio. The Court will next decide whether transfer to the Western District of New York under 28 U.S.C. § 1404(a) or 28 U.S.C. § 1406(a) is appropriate.[2]

### A. Legal Standard: Motion to Transfer

28 U.S.C. § 1404(a) states: "For the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." Courts in this district have held that §1404(a) allows for transfer "only if the transferor court is a proper venue." *Rugged Cross Hunting Blinds, LLC v. DBR Fin., Inc.*, No. 1:23-cv-1944, 2023 WL 11780377, at *2 (N.D. Ohio Oct. 30, 2023) (citing *Martin v. Stokes*, 623 F.2d 469, 471 (6th Cir. 1980)). A transfer of venue under § 1404(a) "may not be granted when the district court does not have personal jurisdiction over the defendants." *Pittock v. Otis Elevator Co.*, 8 F.3d 325, 329 (6th Cir. 1993).

28 U.S.C. § 1406(a) states: "The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." In contrast to § 1404(a), § 1406(a) "allows a district court to grant a change of venue when venue is improper in the original forum." *O'Brien Constr., Inc. v. Miller*, No. 1:19-cv-1451, 2020 WL 1187259, at *4 n.3 (N.D. Ohio Mar. 12, 2020) (citing *Pittock*, 8 F.3d at 329). This section does not require a court to have personal jurisdiction in order to enact the transfer. *Id.*; *see also Goldlawr, Inc. v.*

---

[2] As discussed above, the Court must resolve Defendants' Rule 12(b)(2) motions before considering motions to dismiss under Rule 12(b)(6). Because the Court found that it lacks personal jurisdiction under Rule12(b)(2), Defendants' 12(b)(6) arguments are moot. *See Kroger*, 437 F.2d at 510.

*Heiman*, 369 U.S. 463, 466 (1962) ("The language of § 1406(a) is amply broad enough to authorize the transfer of cases . . . whether the court in which it was filed had personal jurisdiction over the defendants or not."). A "district is 'wrong' within the meeting of § 1406" when there is "either improper venue or lack of personal jurisdiction." *Jones v. Grants Automotive*, No. 5:21-cv-2366, 2022 WL 874284, at *1(N.D. Ohio Mar. 24, 2022) (citing *Martin*, 623 F.2d at 474). Accordingly, § 1406(a) "provides the basis for any transfer made for the purpose of avoiding an obstacle to adjudication on the merits in the district court where the action was originally brought." *Martin*, 623 F.3d at 474.

"To succeed in its motion to transfer, the moving party must show the preponderance of the balance in his favor." *Gdovin v. Catawba Rental Co. Inc.*, 596 F.Supp. 1325, 1326 (N.D. Ohio 1984) (discussing a motion to transfer under § 1404(a)); *see also Lexington v. Cheek & Zeehadelar, LLP*, No. 1:06-cv-2029, 2007 WL 593560, at *1 (N.D. Ohio Feb. 21, 2007) ("The party moving for the transfer has the burden of showing that these factors weigh 'strongly' in favor of transfer."); *The Lincoln Nat'l Life Ins. Co. v. Harnett*, No. 2:13-cv-02906, 2014 WL 12526277, at *5 (W.D. Tenn. July 1, 2014) (discussing § 1404(a) and § 1406(a) holding that "under all these jurisdictional statutes, the moving party bears the burden of showing, by a preponderance of the evidence, that another district court is the more convenient forum"). The Sixth Circuit has held that though "the presumption should be in favor of transfer as the normal procedure," "in the absence of the ability to establish jurisdiction in the district in which the complaint was filed and faced with a motion to dismiss, it seems clear that the plaintiff would have the burden of proving grounds for a transfer." *Stanifer v. Brannan*, 564 F.3d 455, 459–60 n.1 (6th Cir. 2009) (citing 3 Charles Alan Wright, Arthur R. Miller, & Edward H. Cooper, Federal Practice and Procedure § 3827 at 605 (3d ed. 1998)).

### B.  Analysis

Having determined that it cannot exercise personal jurisdiction over Moran Karamouzis and Gross Polowy, the Court must decide whether to dismiss or transfer the case.  *See Lexington*, 2007 WL 593560 at *1 (noting "it is somewhat unusual for a plaintiff to move to transfer an action from a venue that the plaintiff himself has selected in the first instance," but "nothing in the plain language of § 1404(a) [] prevents a plaintiff from doing so"); *see also Martin*, 623 F.3d at 474.

Plaintiffs moved to transfer under § 1404(a) and § 1406(a).[3]  (Doc. No. 26 at 1345–46.) Which section applies depends on whether venue is proper in this Court and whether the Court has personal jurisdiction over the defendants.  *See Rugged Cross Hunting Blinds*, 2023 WL 11780377 at *2; *see also O'Brien Constr.*, 2020 WL 1187259 at *4 n.3.  Plaintiffs' complaint alleges that "[v]enue is proper under 28 U.S.C. § 1391 as the Defendants conduct business here." (Doc. No. 8 at 177, ¶ 8.)  However, as determined above, the Court lacks personal jurisdiction over Defendants Moran Karamouzis and Gross Polowy.  Therefore, Plaintiffs' motion to transfer is only appropriate under § 1406(a).

As an initial matter, the Court must determine whether the Western District of New York is a proper transferee court.  *See Hitachi Med. Sys. America, Inc. v. Bay Harbor MRI, Inc.*, No. 5:09-cv-639, 2009 WL 2252875, at *3 (N.D. Ohio July 28, 2009) ("[T]his court only has the ability to transfer a case to a 'district or division where it might have been brought.'") (citing 28

---

[3] Plaintiffs' motion to transfer does not discuss 28. U.S.C. § 1631, though "sections 1406(a) and 1631 are 'similar provision[s]' that 'confer broad discretion in ruling on a motion to transfer.'" *Jackson v. L&F Martin Landscape*, 421 Fed. App'x 482, 484 (6th Cir. 2009) (quoting *Stanifer*, 564 F.3d at 456–57).  Therefore, the Court need not address transfer under § 1631.  However, for the same reasons the interest of justice does not weigh in favor of a transfer under § 1406(a), the interest of justice would not support a transfer under § 1631.  *See id.* at 484 n.3.

U.S.C. §§ 1404(a), 1406(a)).  Moran Karamouzis and Gross Polowy do not contest that the

Western District of New York could exercise personal jurisdiction over Defendants.  (*See* Doc.

Nos. 27, 28).  *See also Olivia*, 2020 WL 1451972 at *3 (quoting *BNSF Ry. Co.*, 137 S.Ct. at

1558).  Venue would lie in the Western District of New York because the New York Property,

the foreclosure action, and many of the events described in the complaint occurred there.  *See* 28

U.S.C. § 1391(b)(2) (A civil action may be brought in "a judicial district in which a substantial

part of the events or omissions giving rise to the claim occurred, or a substantial part of the

property that is the subject of the action is situated").

Next, the Court must determine whether Plaintiffs have carried their burden of showing

that the interest of justice supports a transfer.  Plaintiffs' brief in support of their motion to

transfer includes one paragraph addressing § 1404(a) and one paragraph addressing § 1406(a).

(*See* Doc. No. 26 at 1345–46.)  While the paragraph discussing § 1406(a) cites a single case from

the Middle District of Georgia, and the paragraph discussing § 1404(a) cites a single case from

the Southern District of Georgia, neither paragraph addresses how the interest of justice weighs

in favor of transfer.  (*See id.*)  Notwithstanding, the Court's analysis is set forth below.

First, the Court assesses whether there was "some arguable basis for thinking that the

action was properly brought in the district in which it was originally filed."  *Stanifer*, 564 F.3d at

460.  As the Sixth Circuit noted in *Stanifer*, "district courts often dismiss a case, rather than

transfer it under Section 1406(a), if the plaintiff's attorney could have foreseen that the forum in

which the suit was filed was improper and [the court decides] that similar conduct should be

discouraged."  *Id.* (quoting 3 Charles Alan Wright, Arthur R. Miller, & Edward H. Cooper,

Federal Practice and Procedure § 3827 at 602–04 (3d ed. 1998)).

The complaint offers two allegations as an arguable basis for thinking this action was properly brought here: KeyBank's principal place of business is in this district and Defendants purportedly "conduct business here." (Doc. No. 8 at 177, ¶¶ 5, 8.) KeyBank's principal place of business may justify thinking that the claims against KeyBank could be properly brought in the Northern District of Ohio. *See Daimler*, 571 U.S. at 119. However, Plaintiffs' attorney could have foreseen that the Northern District of Ohio was not the proper forum for the claims against Defendants Moran Karamouzis and Gross Polowy, whose places of incorporation, principal places of business, offices, and employees are all located outside of Ohio. As discussed above, Plaintiff did not plead any additional facts that connect Moran Karamouzis and Gross Polowy to Ohio. *Vargo v. D&M Tours, Inc.*, 841 Fed. App'x 794, 799 (6th Cir. 2020) (affirming district court's dismissal in part because the plaintiff "did not plead one single fact in his complaint connecting the out-of-state defendants to Ohio per the requirements of Ohio's long-arm statute and constitutional due process requirements").

Instead, the complaint alleges that the parties, the New York Property, and the foreclosure proceeding are all located in the Western District of New York, not the Northern District of Ohio. (Doc. No. 8 at 177, ¶¶ 5–6, 9; 191, ¶ 89; *see also* Doc. No. 26 at 1345–46; Doc. No. 27 at 1350, 1353; Doc. No. 28 at 1360.) These allegations show that filing this action in the Northern District of Ohio was not the result of "an erroneous guess with regard to the existence of some elusive fact the kind upon which venue provisions often turn," but rather an informed decision by Plaintiffs' counsel. *Goldlawr*, 369 U.S. 463 at 466; *Stanifer*, 564 F.3d at 459 (holding that where an attorney makes "an obvious error, transfer under § 1406 is inappropriate")

Second, the Court notes the timing of Plaintiffs' motion. Plaintiffs moved to transfer after Defendants filed motions to dismiss. Plaintiff's motion to transfer also came after they

sought and obtained extensions of time to oppose those motions. Granting Plaintiffs' motion to transfer at this stage of litigation would prejudice Defendants. If the Court were to transfer this case, Defendants would be forced to refile their motions in the transferee court, bear additional costs, and expend additional time. (*See* Doc. No. 28 at 1360; *see also* Doc. No. 27 at 1354.) *See also Stanifer*, 564 F.3d at 460 (noting the "substantial costs to the judicial system, let alone to the defendants [that] have resulted from this litigation, including the expenditure of resources in the district court"); *see also Sherman v. Biglari*, No. 1:19-cv-2887, 2020 WL 6273935, at *9 (N.D. Oct. 26, 2020) (denying transfer of venue after weighing "risks of injustice to the parties and the interest of judicial efficiency").

Lastly, all three Defendants moved to dismiss under Rule 12(b)(6), alleging that Plaintiffs failed to state a claim. Despite several extensions, Plaintiffs never opposed these motions. *See Stanifer*, 564 F.3d at 456 ("It bears repeating that other than moving to transfer, the plaintiff made no effort to avoid dismissal."). The Court may interpret the absence of a response to a motion to dismiss as a waiver of opposition. *Ray v. United States*, No. 1:11-CR-115-HSM-CHS-1, 1:16-CV-141, 2017 WL 2350095, at *2 (E.D. Tenn. May 30, 2017) (citing *Notredan, LLC v. Old Republic Exch. Facilitator Co.*, 531 Fed. App'x. 567, 569 (6th Cir. 2013) (explaining that failure to respond to or otherwise oppose a motion to dismiss operates as both a waiver of opposition to, and an independent basis for granting, the unopposed motion)); *Demsey v. R.J. Reynolds Tobacco Co.*, No. 1:04CV1942, 2005 WL 1917934, at *2 (N.D. Ohio Aug. 10, 2005) ("The court's authority to grant a motion to dismiss because it is unopposed is well established."); *see also Humphrey v. U.S. Attorney Gen.'s Office*, 279 F. App'x. 328, 331 (6th Cir. 2008) ("Thus, where, as here, plaintiff has not raised arguments in the district court by virtue of his failure to oppose defendants' motions to dismiss, the arguments have been waived.").

Though transfer under § 1406(a) might avoid one obstacle to adjudication on the merits, namely personal jurisdiction over Moran Karamouzis and Gross Polowy, it would not address the unopposed Rule 12(b)(6) arguments raised by Defendants.  *See Martin*, 623 F.3d at 474.

In sum, the Court finds that similar conduct should be discouraged.  *See Stanifer*, 564 F.3d at 460 ("[T]he plaintiff, having engaged in the misuse of the court's processes, should not be permitted by means of transfer to 'resurrect a claim which might be lost due to a complete lack of due diligence in determining the proper forum in the first place.'"); *see also Sherman*, 2020 WL 6273935, at *9 (citing *Spar, Inc. v. Info. Res. Inc.*, 956 F.2d 392, 394 (2d Cir. 1992) ("[A] transfer in this case would reward plaintiffs for their lack of diligence in choosing a proper forum and thus would not be in the interest of justice.")).  Plaintiffs filed this action in a forum where it was foreseeable that personal jurisdiction was lacking for multiple Defendants, sought numerous (and in some cases untimely) extensions of time to oppose Defendants' motions to dismiss, and moved to transfer to a different district only after each deadline to oppose had passed.  Plaintiffs have not carried their burden of showing that the interest of justice weighs strongly in favor of transferring this case.  Plaintiffs' motion to transfer is DENIED.

### III.  <u>CONCLUSION</u>

For the reasons stated above, Moran Karamouzis' and Gross Polowy's motions to dismiss (Doc. Nos. 13, 15) are GRANTED for lack of personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2).  Plaintiffs' motion to transfer (Doc. No. 26) is DENIED.  This case is closed.


IT IS SO ORDERED.

BRIDGET MEEHAN BRENNAN
UNITED STATES DISTRICT JUDGE

Date:   July 26, 2024